JBJKNOEN

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4              v.                          19 CR 830 (AT)(SN)

5  TOVA NOEL, MICHAEL THOMAS,

6              Defendants.

7  ------------------------------x

8                                    New York, N.Y.
                                     November 19, 2019
9                                    3:54 p.m.

10 Before:

11                    HON. SARAH NETBURN,

12                                    Magistrate Judge

13                         APPEARANCES

14

15 GEOFFREY S. BERMAN,
        United States Attorney for the
16      Southern District of New York
   NICOLAS ROOS
17 REBEKAH DONALESKI
        Assistant United States Attorneys
18
   JASON FOY
19      Attorney for Defendant Noel

20 MONTEL FIGGINS
        Attorney for Defendant Thomas
21

22

23

24

25

JBJKNOEN

1          (Case called)

2          MR. ROOS:  Good afternoon, your Honor.  Nicolas Roos

3   and Rebekah Donaleski for the United States.

4          THE COURT:  Thank you.

5          MR. FOY:  May it please the Court, your Honor, my name

6   is Jason Foy, attorney for Ms. Tovah Noel, standing to my left.

7   Good afternoon, your Honor.

8          THE COURT:  Good afternoon.  Thank you.  Good

9   afternoon.

10          MR. FIGGINS:  Good afternoon, your Honor.  Montel

11   Figgins, from the Law Offices of Montel Figgins, on behalf of

12   Michael Thomas, who's standing to my left.

13          THE COURT:  Thank you.  Good afternoon to all of you.

14   My name is Judge Netburn.

15          Can I have the date and time of the defendants'

16   arrests?

17          MR. ROOS:  Both defendants self-surrendered to the FBI

18   this morning at approximately 10:00 a.m.

19          THE COURT:  Thank you.

20          The purpose of today's proceeding is to advise you of

21   certain rights that you have, inform you of the charges against

22   you, consider whether counsel shall be appointed for you, and

23   decide under what conditions, if any, you shall be released.

24          I'm now going to explain certain constitutional rights

25   that you have.

JBJKNOEN

1          You have the right to remain silent.  You are not

2     required to make any statements.  Even if you have already made

3     statements to the authorities, you need not make any further

4     statements.  Any statements that you do make can be used

5     against you.

6          You have the right to be released, either

7     conditionally or unconditionally, pending trial unless I find

8     that there are no conditions that would reasonably assure your

9     presence in court or the safety of the community.

10          You have the right to be represented by an attorney

11     during all court proceedings, including this one and during all

12     questioning by the authorities.

13          If you cannot afford an attorney, I will appoint one

14     to represent you.  I understand that each of you has retained

15     private counsel.  If at any point in time you run out of money

16     and you are unable to afford counsel, you can petition the

17     Court to appoint counsel at the government's expense and at no

18     cost to you.

19          You both have been charged in a six-count indictment,

20     and I will just state that I understand that Judge Torres has

21     referred this not just for presentment but also for

22     arraignment.

23          MR. ROOS:  That's correct, your Honor.

24          THE COURT:  The defendants have both been charged in a

25     six-count indictment.

JBJKNOEN

1          Count One charges the defendants with conspiracy in

2     violation of Title 18 of United States Code, Section 371.  And

3     Counts Two through Six each charge an individual act of false

4     records in violation of Title 18, United States Code, Sections

5     1001(a)(3) and (2).

6          Let me ask, Ms. Noel, have you received a copy of this

7     indictment?

8          DEFENDANT NOEL:  Yes, your Honor.

9          THE COURT:  Have you had an opportunity to review it

10    and discuss the charges with your lawyer?

11         DEFENDANT NOEL:  Yes, your Honor.

12         THE COURT:  Would you like me to read the indictment

13    to you in open court?

14         DEFENDANT NOEL:  No, thank you.

15         THE COURT:  How do you plead to the charges?

16         DEFENDANT NOEL:  Not guilty.

17         THE COURT:  Thank you.

18         DEFENDANT NOEL:  You're welcome.

19         THE COURT:  Mr. Thomas, I'm going to ask you the same

20    questions.

21         Have you received a copy of the indictment?

22         DEFENDANT THOMAS:  Yes, your Honor.

23         THE COURT:  Have you had an opportunity to read the

24    indictment and discuss the charges with your lawyer?

25         DEFENDANT THOMAS:  Yes, your Honor.

JBJKNOEN

1          THE COURT:  Would you like me to read the indictment

2     to you in open court?

3          DEFENDANT THOMAS:  No, your Honor.

4          THE COURT:  How do you plead to the charges?

5          DEFENDANT THOMAS:  Not guilty, your Honor.

6          THE COURT:  Thank you.  Be seated.

7          Have the parties discussed an appropriate bail

8     package?

9          MR. ROOS:  Yes, your Honor.

10          THE COURT:  Shall we begin with Ms. Noel?

11          MR. ROOS:  Certainly, your Honor.  I actually think

12     the bail packages are nearly identical with the exception of

13     one or two conditions that are set forth in the pretrial

14     services report, so maybe I'll first give your Honor all of the

15     conditions that are the same for each of the defendants and I

16     will note the variation at the end.

17          For both defendants, it's $100,000 bond, secured by

18     two financially responsible persons and their own signature;

19     pretrial supervision, as directed; surrender of travel

20     documents, and no new applications; no contact with

21     codefendants; surrender of firearms.

22          For travel restrictions, for Defendant Thomas, it will

23     be Southern District of New York, Eastern District of New York,

24     and the District of New Jersey.

25          And for Defendant Noel, it will be Southern District

JBJKNOEN

1    of New York, Eastern District of New York, District of New

2    Jersey, and the Eastern District of Pennsylvania.

3            And then the special conditions that are set forth in

4    the pretrial reports, it's condition number 4, relating to use

5    of alcohol for Defendant Thomas, and condition 7 for Defendant

6    Noel, which relates to mental health evaluation and treatment

7    as directed by pretrial services.

8            And, finally, your Honor, that they be both released

9    today on their own signature.

10           THE COURT:  And how long do the parties propose to

11   satisfy the balance of the conditions?

12           MR. ROOS:  A week is appropriate, your Honor, for the

13   two cosigners.

14           THE COURT:  Any objection from defendants?

15           MR. FIGGINS:  No, your Honor.

16           MR. FOY:  There is one.

17           THE COURT:  Okay.

18           MR. FOY:  Before today's proceedings, we did have an

19   agreement on the terms of release.  And, of course, as part of

20   that process, pretrial services is involved and they're not

21   necessarily privy to the terms of our agreement.  And I

22   understand that we've added some things that were not part of

23   the agreement, and I'm fine with that.  But there's one

24   condition I'm not fine with and I'd like your Honor to

25   consider.

JBJKNOEN

1          With regards to the surrender of firearm, I'm asking

2    that your Honor not make that a requirement of her release.  I

3    ask that because — in this nonviolent allegation, in which no

4    firearm was involved, with a history of having no criminal

5    record of any kind or any history of violence — she, who

6    legally possesses and has a permit for the firearm, should

7    still be able to possess her firearm because she's not a

8    convicted felon and someone who's not permitted to do so.

9    She's —

10          THE COURT:  Is that a duty firearm or personal use?

11          MR. FOY:  Personal.

12          So that's the only issue that I have, because I think

13    that at this time, to sacrifice that right that she legally

14    has, and has complied with everything that it means to have

15    that firearm, that she still be able to do so.  I could imagine

16    that there could be an argument about safety of others;

17    however, there's nothing to really corroborate the fact that

18    her continuing to possess her firearm, just like she has in the

19    past, would actually endanger anyone.  We voluntarily

20    surrendered.  We participated in a pretrial interview.  There's

21    just no reason for it, other than probably a policy that says

22    that's what they would like to do.

23          Now, it's a meaningful one, I'm not saying that it's a

24    bad thing, but under the unique circumstances here, in this

25    case, in the history and type of case that it is, I'm asking

JBJKNOEN

1    that that one condition be withheld and with all the other

2    conditions being fine.

3        THE COURT:  Just so I understand your argument, you

4    would like your client to retain her personal-use firearm

5    because she otherwise has the right to do so?  She doesn't need

6    it for any particular reason?

7        MR. FOY:  Well, I suppose a person who has a firearm

8    may feel that they need it for their self-protection.  Now, I'm

9    not suggesting that there's been some specific threat or

10   anything, other than the world is crazy, but if she hasn't done

11   anything improper with regards to that important right, it

12   shouldn't be sacrificed now, at an arraignment, as a condition

13   of her release, when she has fully cooperated with everything

14   up until this point.  We've been in communication with the

15   government since August 14th, and communicated about her

16   international travel since this investigation began.  All we've

17   done is comply and put the government on notice as to her

18   whereabouts and what's going on.  We've been completely

19   cooperative in that respect.

20       But when you talk about removing someone's personal

21   firearm, that they legally possess in their home – she doesn't

22   have a license to carry it anywhere, just in her home – unless

23   there is a reason connected to the case, to the crime, that

24   suggests that it could be in fact a danger to a third party or

25   someone else, then, in that case, I would understand, but not

JBJKNOEN

1    in this kind of case, which is an allegation about documents.

2              THE COURT:  Understood.  Thank you.

3              I have a few responses.  The first is, although I

4    greatly appreciate when the parties are able to reach agreement

5    on the terms of a defendant's release, that agreement is

6    meaningful to me but it's certainly not controlling.  I

7    ultimately decide how defendants should be released.  And there

8    have been occasions where I've disagreed with an agreement

9    between the parties.  So the fact that you and the government

10   reached agreement on certain terms, the terms that will be

11   imposed may be different than that agreement.  It's simply, the

12   way that court proceeds.  And the fact of the agreement – while

13   very helpful and I appreciate it, and it suggests that the

14   parties are working well together – doesn't necessarily mean

15   that those are the conditions that I'm going to impose.

16             The second thing to say with respect to the issue of

17   firearms is that it is in fact a policy.  It's not a policy of

18   the U.S. Attorney's Office; it's a policy of our pretrial

19   service office, because they are going to be sending officers

20   in to enforce the terms of your client's release, and, as you

21   said yourself, the world is crazy, and they have safety

22   concerns, which isn't to say that they have specific safety

23   concerns about Ms. Noel.  And, as you point out, this case is

24   not a violent case and there are not allegations that your

25   client has engaged in violence, either in connection with this

JBJKNOEN

1   case or in her history, but I need to be concerned about

2   sending law enforcement officers who work for the Court, who

3   are going to be supervising your client, and it is for their

4   safety that we impose that condition.

5           So I am going to impose the condition.  I am going to

6   require your client to surrender her firearm.  Both defendants

7   will have to surrender their firearms and their permits so that

8   they can't secure new firearms.  That is a safety precaution

9   that we undertake to protect our people who are going to be

10  enforcing the terms of this release.  It has nothing to do with

11  the government per se.

12          So with that, I will release the defendants today on

13  their own signature and the posting of $100,000 bond that needs

14  to be secured by two financially responsible cosigners.

15          You're going to report, each of you, to your pretrial

16  officer, as directed.

17          I believe you've surrendered your travel documents,

18  your passports, and the like.  If you haven't, you need to

19  surrender your travel documents, and you're prohibited from

20  making any new travel applications.

21          Each of you is prohibited from having contact with the

22  other, meaning your codefendant, except in the presence of

23  counsel.  As I just stated, each of you needs to surrender any

24  firearms, both personal use and duty firearms, and the permits

25  that authorize those, to pretrial.

JBJKNOEN

1            With respect to travel for Mr. Thomas, your travel

2   will be restricted to the Southern District of New York, the

3   Eastern District of New York, and the District of New Jersey.

4            And for Ms. Noel, your travel will be restricted to

5   the Southern and Eastern Districts of New York, the District of

6   New Jersey and the Eastern District of Pennsylvania.

7            In addition, I'm imposing the requirement for

8   Mr. Thomas that he refrain from the excessive use of alcohol,

9   and, for Ms. Noel, the requirement that she -- I'm going to

10  give the authority to pretrial to determine whether or not a

11  mental health evaluation or support is needed, but that will be

12  at the direction of your pretrial services officer.

13           Let me warn each of you that if you fail to appear in

14  court or if you violate any of the conditions of your release,

15  a warrant will be issued for your arrest, and you and anybody

16  who cosigned the bond may be responsible for paying its full

17  amount, which is $100,000, and you will be charged with a

18  separate crime of bail-jumping.

19           In addition, if you commit an offense while you're on

20  pretrial supervision, you may be subject to a more severe

21  punishment than you would receive if you committed the very

22  same offense at any other time.

23           Has Judge Torres set the next conference date?

24           MR. ROOS:  Yes, your Honor.  The judge set it for

25  November 25, 2019.

JBJKNOEN

1          And the government would move to exclude time between

2   today's date and that date so that the government may produce

3   discovery and the defense may begin to review the discovery.

4          THE COURT:  Thank you.

5          Any objections from defense counsel?

6          MR. FOY:  No, your Honor.

7          MR. FIGGINS:  No, Judge.  I think there is just an

8   issue of the timing of the court date.  The time --

9          THE COURT:  You should just reach out to Judge Torres'

10  deputy.  I'm sure, if necessary, it can be rescheduled.  For

11  now, I'm going to exclude time, on defendants' consent, from

12  today to November 25th.

13         Anything further from either side?

14         MR. ROOS:  No, your Honor.  Thank you.

15         MR. FOY:  No, thank you, your Honor.

16         MR. FIGGINS:  No, Judge.  Thank you.

17         THE COURT:  Thank you, everybody.

18                              *  *  *

19

20

21

22

23

24

25