k1u2NoeC    kjc

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,                    New York, N.Y.

4              v.                                 19 Cr. 830(AT)

5    TOVA NOEL and MICHAEL THOMAS,

6              Defendant.

7    ------------------------------x    Conference

8                                       January 30, 2020
                                        11:00 a.m.
9

10   Before:

11                    HON. ANALISA TORRES,

12                                       District Judge

13

14
                          APPEARANCES
15
     GEOFFREY S. BERMAN
16        United States Attorney for the
          Southern District of New York
17   BY:  JESSICA R. LONERGAN
          NICOLAS T. LANDSMAN-ROOS
18        REBEKAH A. DONALESKI
          Assistant United States Attorneys
19

20   FOY & SEPLOWITZ, LLC
          Attorney for Defendant Noel
21   BY:  JASON E. FOY
          ERIC SAGARRA
22

23   LAW OFFICES OF MONTELL FIGGINS
          Attorney for Defendant Thomas
24   BY:  MONTELL FIGGINS

25

k1u2NoeC kjc

1          (Case called)

2          THE COURT:  Good morning.  We are here in the matter

3    of the United States v. Tova Noel and Michael Thomas.

4          Would you make your appearance, please.

5          MS. LONERGAN:  For the government, Jessica Lonergan.

6    With me at counsel table are my colleagues Nicholas Roos and

7    Rebekah Donaleski.  Good morning, your Honor.

8          MR. FOY:  May it please the court, your Honor, Jason

9    Foy, for Ms. Tova Noel, standing to my right.  Also with me at

10   counsel table is associate counsel Eric Sagara.  Good morning,

11   your Honor.

12         MR. SAGARA:  Good morning, your Honor.

13         MR. FIGGINS:  Good morning your Honor.  Montell

14   Figgins on behalf of Michael Thomas, representing my client,

15   who stands to my right.

16         THE COURT:  I understand that the defense is

17   requesting that I adjourn the trial because of the volume of

18   discovery.  I will hear you on that.

19         MR. FOY:  Yes, your Honor.  We are asking that the

20   trial date of April 20, 2020, be moved to sometime in October

21   or a date thereafter that's convenient to the court.  The

22   reason for the request is because it is necessary in order to

23   provide an adequate and effective assistance of counsel.  Why?

24   Yes, because of the voluminous discovery.  But also because of

25   the amount of time it is going to take for us to conduct our

1        own investigation, which can't really fully get started until

2        we appreciate what information has already been provided.

3        That's really the crux of the reason.

4               Now, I noted in the government's opposition, although

5        they agree that some adjournment is warranted, I guess the

6        issue is of how long the adjournment should be.  The defense is

7        in the best position to assess how much time we need to perform

8        our important function on behalf of our clients.  I say that

9        because we are not making a request for the purpose of simply

10       delaying the proceedings.  We are doing it because it is

11       actually necessary to accomplish our goals as counsel.

12              Also, which I did not reference in my letter, is it

13       also takes into account my trial schedule, at least why my

14       request was.  Last week, I was scheduled to start a trial

15       before Judge Ramos in 40 Foley Square in July.  And part of

16       what I discussed with Judge Ramos in setting that trial date

17       was that I knew that this trial may need to be accommodated in

18       some way.  He selected July 20 for that date mostly because of

19       the court's availability at that time.  That's also part of the

20       reason.  And in that particular case, my client's been

21       incarcerated for almost two years.  He is facing a mandatory

22       life sentence.  So I do need to spend some of my time getting

23       ready for that as well, and I expect that to be our trial date.

24              THE COURT:  What's the date?

25              MR. FOY:  What's the date?

1          THE COURT:  In July.

2          MR. FOY:  July 20 for that trial.

3          So really it's so we can perform our functions, and of

4    course there are other things going on as far as

5    responsibilities, and that would give us sufficient time to be

6    ready.  It is not an unreasonable request.  To say a case that

7    started on November 19, 2019, to be tried in less than a year I

8    don't think is an unusual circumstance.  I don't think anyone

9    can say it is delayed justice.  My client, who is free, she is

10   not incarcerated, so we don't have any of the interests of an

11   incarcerated defendant who wants to get a speedy trial.  It is

12   necessary, not an option, not just something we just feel like.

13   This isn't about us laying back, taking our time.  It's about

14   doing a diligent job.  In order to do that, we do need the

15   time, and I would ask that you grant the request.

16          THE COURT:  How long is the Judge Ramos trial?

17          MR. FOY:  The government represented that they expect

18   it to be about two weeks.

19          THE COURT:  Starting on July 20 you said, yes?

20          MR. FOY:  That's correct.

21          MR. FIGGINS:  Your Honor, I also join in the motion.

22   The court has had a chance to read my letter with respect to

23   requesting an adjournment.  It is very early for us at this

24   point even to have a full appreciation as to what's going to

25   happen in this matter.  I have only had the discovery for

1  approximately two weeks.  It's going to take -- I think there

2  was at least 25 witness statements that we not only need to

3  review, but then we need to try and follow up and maybe contact

4  those witnesses.  There are some people who were incarcerated,

5  may have been released.  There are numerous things that must be

6  done in terms of at least us tracking down specific details

7  that our clients are demanding that we do in their defense.

8          It took the federal government 90 days to investigate

9  this case and to come up with an indictment.  Accordingly, a

10  law firm with one or two attorneys, without the resources of

11  all the federal agencies, it is going to take us more than 90

12  days to do the same amount of work.  So I don't think that it

13  is an unreasonable request.

14          Not to mention, I believe that if the court were not

15  to grant some type of an adjournment, we are going to find

16  ourselves back here again, but the defense will just be in a

17  better position to give you more specifics as to why we need

18  more time *á la* maybe we can't track down this witness or we

19  spoke to this witness and now we have to find another one.

20  There are numerous things like that that I think would come

21  about, and that's why we would try and suggest to give the

22  court a bird's eye view of that early on, so that maybe we can

23  delay -- or avoid having to come back repeatedly just to make

24  those additional requests.

25          Additionally, your Honor, I do believe that there is a

1    high likelihood that I'm going to file a motion to dismiss the

2    indictment based on selective prosecution.  I do believe that

3    if certain portions of that motion are granted, then that's

4    going to entitle the defense to additional discovery that we

5    haven't even received yet.

6           So with the request that we are asking for, we are

7    also having an opportunity to kind of see -- I know kind of the

8    things that are going to happen or potentially will happen, so

9    instead of just trying to come back here three or four times to

10   say this is happening, we can kind of just do this now and

11   realize that that motion will probably be filed.  That may

12   create other issues with respect to discovery.

13          Also, your Honor, I have also made a specific request

14   under Rule 16 that the defense wants whatever investigation was

15   done and whatever information there is that is discoverable

16   with respect to the Inspector General's report.  It is my

17   position that we are entitled to that information.  It is an

18   investigation of the same incident.  It is an investigation of

19   the circumstances with which my client is being charged.  With

20   that being said, I do think that we are entitled to whatever

21   information was generated in those reports, so I believe that

22   also is going to cause a delay in the trial wherever we go with

23   that issue.

24          THE COURT:  We already addressed that the last time.

25          (Pause)

1          THE COURT:  I will hear from the government.

2          MS. LONERGAN:  Yes, your Honor.  As we put in our

3     written submission to the court, we agree that a brief

4     adjournment is appropriate, but we do not think that a

5     six-month adjournment is necessary or warranted.

6          First, the amount of discovery in this case is not

7     particularly voluminous nor complex in light of the cases tried

8     in this district; and, in addition, the further investigation,

9     I want to focus the court on the facts that are going to be at

10    issue in this trial occurred over a 14-hour period.  It is true

11    that, as part of our discovery, we provided information outside

12    of that 14-hour period, anticipating many of the types of

13    requests that the defense counsel has already begun to make.

14    But again, your Honor, this is a very focused, single-incident

15    indictment that is about what happened over the period of 14

16    hours.  A much larger investigation about, for example, the

17    working conditions at the MCC, it is just not relevant to what

18    is going to be the issues on trial here.

19          I want to also touch on something that plaintiff said

20    about the need to interview witnesses.  As we explained to the

21    court, we have done something that's unusual here, which is

22    that we have provided witness statements with our initial

23    discovery almost four months in advance of trial.  As the court

24    is aware, we typically provide what we call 3500 material much

25    closer to trial.  So the need to review those witness

1    statements and interview additional -- interview those

2    witnesses, that can't possibly weigh in favor of an adjournment

3    when in fact the defense counsel has so much more time with

4    those materials than they would in a typical trial schedule

5    where they might have those materials just a few weeks before

6    trial, your Honor.

7            So for those reasons, we think that we are hard

8    pressed to identify areas of additional investigation that

9    would touch on the 14-hour time period that is going to be at

10   issue in this trial; and so, for those reasons, while we agree

11   that a short adjournment is warranted, that six months is not

12   required.  We do understand of course that that may be

13   difficult with Mr. Foy's trial schedule with having the July

14   trial, but it seems like there may be a possibility of putting

15   this trial before Mr. Foy's July trial and still giving him

16   sufficient time to prepare for both.

17           THE COURT:  And how long do you expect this trial to

18   go?

19           MS. LONERGAN:  Your Honor, if this trial is confined

20   to that 14-hour time period, setting aside jury selection, I

21   can't imagine it lasting more than a week.

22           THE COURT:  Okay.  The trial is set for June 8.

23           With respect to the motion to dismiss, the motion is

24   due on March 9, opposition is due by April 6, and the reply is

25   due on April 20.

k1u2NoeC kjc

1          Are there any further applications?

2          MR. FIGGINS:  Yes, your Honor.  You said we dealt with

3    the issue with respect to the Investigator General's report.

4    This court has never addressed it at all.  You never said

5    anything with respect to that.  So I just want to make that

6    clear.  Do I need to file a motion with respect to that?

7          THE COURT:  You may file a formal motion.

8          MR. FIGGINS:  Thank you.

9          THE COURT:  Anything further?

10          MR. FIGGINS:  Your Honor, can I have an additional two

11    weeks?  Can we push the motion schedule back at least an

12    additional two weeks?  Because I have my 80-something-year-old

13    relative coming to visit me from February 23 through March 1,

14    so I kind of won't be working during that time.  So if you

15    could just make it like -- if you could make it something

16    around like the 18th or the 21st.

17          THE COURT:  All right, then.  You can file your motion

18    by March 20.

19          How long does the prosecution need to oppose?

20          MS. LONERGAN:  Your Honor, three weeks, please.

21          THE COURT:  So the prosecution will file opposition on

22    April 10, and the reply will be April 24.

23          Is there anything further?

24          MS. LONERGAN:  Yes, your Honor, at this time the

25    government moves to exclude time between now and the trial

k1u2NoeC kjc

1  date, which has now been set for June 8, for the following

2  reasons:

3          It will allow the parties to discuss potential

4  pretrial dispositions, to allow defense counsel to review the

5  discovery, make and file motions, the court to resolve those

6  motions, and for the defense counsel to conduct the additional

7  discovery that they have been discussing today in court.

8          MR. FOY:  Your Honor, I don't oppose the government's

9  position.

10         I wanted to just go back to one thing.  I understand

11  you have ruled.  I accept that it is June 8.  Hopefully there

12  are no delays because I anticipate being out of the country --

13  we haven't set a specific date, but I'm traveling with family

14  at the end of June.  So if there is any delay, that could be an

15  issue.

16         THE COURT:  You are talking about leisure travel?

17         MR. FOY:  Well, leisure.  My family, first-priority

18  travel.  That's what it is.  So I don't know if it's just

19  leisure.  It is not business, but it is the business of having

20  family business.

21         THE COURT:  Well, you should work your family schedule

22  around your professional obligations, counsel.

23         MR. FOY:  Well, if there is a delay in the

24  professional schedule of trial, because it is not unusual for

25  sometimes there to be delays, because if we start a week later

k1u2NoeC kjc

1    for some reason, then it's going to create a conflict.

2            THE COURT:  You will not be starting a week later.  We

3    are starting on the 8th of June.

4            MR. FOY:  Okay.  Here is the issue.  The government

5    has represented to you that this is just about a 14-hour

6    period.  I suspect that, when the trial comes around, that the

7    only thing that won't come up during the trial is the 14-hour

8    period, right?  Because it's not as if we are not here because

9    of other things having nothing to do with the defendants in

10   this case, and the working conditions at MCC are directly

11   related to why things happened in that 14-hour period.  The

12   years of conduct, the culture of the institution, the failures

13   in security measures beyond counts.

14           We have been provided with three videos of the 192

15   that exist.  In the SHU there are nine video cameras.  Only one

16   has been produced, and it shows almost nothing.  And why that

17   is, the circumstances, what it means, is relevant.

18           So maybe it will be a one-week trial.  That's

19   possible.  But what I am trying to avoid is some type of

20   conflict that we can see now that -- you know, because, you

21   know, I understand professional obligations, but if I had to

22   choose between family and my professional obligations, it's --

23           THE COURT:  All right.  Well, counsel, I am directing

24   that you be here on June 8 to start trial.

25           MR. FOY:  I will be here.

1          THE COURT:  That is my order.

2          MR. FOY:  And I will be here.  I just don't want there

3    to be any delay that creates that issue.

4          MR. FIGGINS:  Your Honor -- sorry to cut you off.

5          Your Honor, I'm thankful Mr. Foy said that about the

6    family vacation.  I am actually going to be in Italy on a

7    cruise June 1 through June 14.  We fly back on the 15th of

8    June.

9          THE COURT:  And you just forgot about it?

10         MR. FIGGINS:  Your Honor, I don't keep my social

11   calendar.  Luckily he said that and I realized that in June we

12   do have a cruise scheduled, and I didn't even know the date, so

13   I had to find out just now.

14         THE COURT:  When do you return?

15         MR. FIGGINS:  The 15th, and I don't even know what day

16   of the week that is, but . . .

17         THE COURT:  We will start on the 22nd of June.

18         MR. FOY:  Well, Judge, that's the time I was just

19   talking to you about.  Right?  That I'm trying to make

20   arrangements to travel with my family.  Right?

21         THE COURT:  Well, I understand that it is desirable to

22   have family time, but you also have an obligation to zealously

23   represent your client, and so we are going to start on the

24   22nd.

25         MR. FOY:  So I don't understand.  I mean, I have no

k1u2NoeC kjc

1   problem zealously representing my client, and I will do so.  If

2   my daughter is going to be in Italy, ironically, and my wife

3   and my other daughter are going to travel there at the end of

4   her program so we can spend time, how is that an issue for us

5   to take that into consideration in a professional setting?

6   Like, I don't understand.

7           THE COURT:  Counsel, you will use Skype.  Is there

8   anything --

9           MR. FOY:  No, no, no, no, no, no, no, no.

10          THE COURT:  Is there anything further?

11          MR. FOY:  I'm not going to use --

12          THE COURT:  Counsel, I have heard enough.  Is there

13  anything further?

14          MR. FOY:  Well, look, I'm not --

15          THE COURT:  Sit down, counsel.

16          MR. FOY:  Can I be heard?

17          THE COURT:  You will sit down.

18          MR. FOY:  And then be heard from the seat?

19          THE COURT:  No.  You will sit down.

20          Is there anything further unrelated to the vacation

21  plans --

22          MR. FOY:  This is not just vacation, your Honor.

23          THE COURT:  Counsel, I have had it.  Now, you sit down

24  and stop --

25          MR. FOY:  Before --

1         THE COURT:  -- with this nonsense.

2         MR. FOY:  Before I sit down, your Honor --

3         THE COURT:  No.

4         MR. FOY:  -- you said June 8.

5         THE COURT:  Counsel, I have directed --

6         MR. FOY:  My co counsel --

7         THE COURT:  -- you to sit down.

8         MR. FOY:  My co-counsel says --

9         THE COURT:  Sit down, counsel.

10        MR. FOY:  -- he has vacation and --

11        THE COURT:  Sit down.

12        MR. FOY:  -- we are going to interrupt --

13        THE COURT:  Sit down.

14        MR. FOY:  -- my family --

15        THE COURT:  Counsel.

16        MR. FOY:  -- obligations --

17        THE COURT:  Counsel.

18        MR. FOY:  -- for a nonviolent --

19        THE COURT:  Sit down, counsel.

20        MR. FOY:  -- criminal case with no mandatory jail --

21        THE COURT:  Counsel, sit down.

22        MR. FOY:  -- that's not even --

23        THE COURT:  Sit down.

24        MR. FOY:  -- based on their conduct?

25        THE COURT:  Sit down.

1                MR. FOY:  It's based on what some other man did?

2                THE COURT:  Counsel, you don't have a jury here.  Stop

3    performing.

4                MR. FOY:  No.  I'm not -- there is no jury here.  I'm

5    trying to address the unfairness --

6                THE COURT:  Sit down.

7                MR. FOY:  -- of proper consideration of a

8    professional --

9                THE COURT:  You are trying my patience, counsel.  Sit

10   down.

11               All right, then.  The matter is adjourned.

12               MS. LONERGAN:  Your Honor, sorry.  We are going to

13   amend our application to exclude time now until June 22, which

14   is the date the court has now set for trial for the reasons we

15   previously stated on the record.

16               THE COURT:  The matter is adjourned until June 22.

17   The time is excluded under the Speedy Trial Act for the reasons

18   already stated by the prosecution.

19                                 oOo

20

21

22

23

24

25