

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 26, 2026

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Noel and Thomas*,
             19 Cr. 830 (AT)

Dear Judge Torres:

    The Government writes in reply to defendant Tova Noel's January 14, 2026 filing (Dkt. 71), and in further support of the Government's motion to unseal the grand jury transcripts and exhibit associated with the above-referenced criminal case so as to comply with the terms of the Epstein Files Transparency Act, Pub. L. No. 119-38, 139 Stat. 656 (2025) (the "Act"). For the reasons set forth below, the Act applies to the grand jury materials in question. In the face of the Act, neither of Noel's objections has merit.

    First, Noel objects that the Act does not override Rule 6(e) and require the unsealing of grand jury records in this case because Jeffrey Epstein's "detention and death do not relate to the charges secured in the grand jury against defendant Noel." (Dkt. 71 at 3). But the Act covers "strikingly broad" categories of materials, *United States v. Maxwell*, No. 20 Cr. 330 (PAE), 2025 WL 3522378, at *7 (S.D.N.Y. Dec. 9, 2025), and encompasses the three grand jury records to be unsealed in this case. Specifically, the November 14, 2019 sealed transcript includes testimony about Epstein at pages 5, 18 through 22, 24, 26, and 30 through 32. As Epstein is referenced repeatedly, the transcript is responsive to category (1) in the Act, relating to "Jeffrey Epstein including all … custodial matters." Additionally, the grand jury transcript contains testimony about "Epstein's detention or death," as covered by category (9). The exhibit from that proceeding, marked as Grand Jury Exhibit 1, likewise contains references to Epstein and his detention and death at pages 3, 10 through 15, and 20 to 21. And for the same reasons, that exhibit is subject to disclosure under the Act. While the November 19, 2019 sealed transcript is only 9 pages and does not explicitly reference Epstein, it is the conclusion of the November 14 grand jury proceeding and therefore for completeness is subject to disclosure with the November 14 transcript. While Noel is correct that the grand jury proceedings also relate to her false certifications on Bureau of Prisons paperwork, there is nothing in the Act that would permit the continued sealing of these records based on the fact that there is additional information within them.

    Second, Noel argues in the alternative that her attorney should be permitted to review the grand jury materials prior to their public release pursuant to the "special circumstances" doctrine.

Hon. Analisa Torres
January 26, 2026
Page 2 of 2

Neither the Act nor Rule 6(e) permit a defendant, through counsel, to review grand jury transcripts and exhibits prior to their unsealing when otherwise justified by law. While this Circuit has held that "there are certain 'special circumstances' in which release of grand jury records is appropriate even outside the boundaries of the rule," *In re Craig*, 131 F.3d 99, 102 (2d Cir. 1997), those rare circumstances have involved the full unsealing of "firsthand testimony from a public figure or witness to an important event," *United States v. Maxwell*, 794 F. Supp. 3d 215, 228 (S.D.N.Y. 2025) (citing *In re Biaggi*, 478 F.2d 489, 490 (2d Cir. 1973) (granting petition to unseal grand jury testimony of New York City mayoral candidate), *In re Petition of Nat'l Sec. Archive*, 104 F. Supp. 3d 625, 626, 629 (S.D.N.Y. 2015) (granting petition to unseal 1950 grand jury records leading to the indictment of Julius and Ethel Rosenberg), and *In re Petition of Am. Hist. Ass'n for Order Directing Release of Grand Jury Minutes*, 49 F. Supp. 2d 274, 278, 297-98 (S.D.N.Y. 1999) (motion to unseal transcripts regarding alleged espionage by State Department official Alger Hiss)). This doctrine is not a mechanism for the relief Noel seeks.

At bottom, while Noel "wishes to minimize the public disclosure of her case," the Act requires the unsealing of the materials at issue. Indeed, "[w]ith respect to the privacy interests of persons other than victims … the Act … prohibits withholding 'on the basis of embarrassment, reputational harm, or political sensitivity.'" *Maxwell*, 2025 WL 3522378, at *9 n.11 (quoting Act § 2(b)(1)). To the extent Noel nonetheless believes there is a valid basis for redacting the grand jury materials after their unsealing but before their public release, those "record-specific issues are properly taken up, in the first instance, with the [Department of Justice]," *id.* at 11, which is making redactions permitted by law prior to the public release of records pursuant to the Act.

          Respectfully submitted,

          PAMELA J. BONDI
          United States Attorney General

          TODD BLANCHE
          Deputy United States Attorney General
          United States Department of Justice

          /s/ Jay Clayton
          JAY CLAYTON
          United States Attorney for the
          Southern District of New York
          26 Federal Plaza
          37th Floor
          New York, New York 10278